IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TED A. KNAPP,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF JEFFERSON, ILLINOIS, MIKE WALKER, Individually and/or in his official capacity as a Jefferson County Sheriff's Deputy, JOHN KEMP, Individually and/or in his official capacity as a Jefferson County Sheriff's Deputy, ROGER MULCH, Individually and as Sheriff of Jefferson County and JEFFERSON COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendants. | No. 06-cv-4028-JPG |

## MEMORANDUM AND ORDER

BEFORE THE COURT is a Motion to Dismiss or Strike asserted by the defendants under Fed. R. Civ. P. 12(b)(6) (Doc. 3). Plaintiff Ted A. Knapp ("Knapp") has responded to the motion (Docs. 7 & 8).

I.  **Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005); *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000). The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint. *Brown*, 398 F.3d at 908-09; *Holman*, 211 F.3d at 405. "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is

inappropriate." *Brown*, 398 F.3d at 909 (internal quotations omitted); *see Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

Generally, courts will not grant a motion to dismiss merely because the complaint is vague or lacking in detail so long as it pleads "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *see Kolupa*, 438 F.3d at 714-15; *Brown*, 398 F.3d at 908. A complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986). Nor must it allege all, or any, of the facts logically entailed by the claim. *Kolupa*, 438 F.3d at 714-15; *Higgs,* 286 F.3d at 439; *Bennett*, 153 F.3d at 518; *American Nurses'*, 783 F.2d at 727. Nonetheless, the complaint must provide a short and plain statement of the claim sufficient to fairly put the defendant on notice of the claim and its basis. *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *Brown*, 398 F.3d at 908; *see also* Fed. R. Civ. P. 8(a).

## II.    Facts Alleged

Knapp alleges that in February 2005, defendants Mike Walker ("Walker") and John Kemp ("Kemp"), sheriff's deputies for the Jefferson County Sheriff's Department, arrested him and searched his person and his car without a warrant or probable cause in violation of the Fourth and Fourteenth Amendments. The arrest did not result in any charges. According to Knapp, either defendant Sheriff

Roger Mulch ("Mulch") or the night supervisor at the Jefferson County Sheriff's Department instructed Walker and Kemp to make the searches and arrest, knew about and consented to the searches and arrest or ratified them after the fact. Knapp also alleges that Jefferson County, Mulch and the Jefferson County Sheriff's Department failed to properly hire, supervise and train Walker and Kemp and, in fact, had a policy or custom of failing to properly hire, supervise and train deputy sheriffs.

Knapp brought this action under 42 U.S.C. § 1983 against Walker, Kemp and Mulch, in their individual and official capacities, as well as Jefferson County and the Jefferson County Sheriff's Department. He seeks compensatory and punitive damages for violation of his Fourth and Fourteenth Amendment rights.

In their motion to dismiss, the defendants argue that under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), Jefferson County, the Jefferson County Sheriff's Department, and Mulch in his individual and official capacities, cannot be held vicariously liable for civil rights violations committed by Walker and Kemp. They also argue that Knapp has failed to allege that his injury resulted from execution of an official policy, custom or practice. *Id.* Furthermore, Jefferson County, the Jefferson County Sheriff's Department and Walker, Kemp and Mulch, sued in their official capacities, contend punitive damages cannot be awarded against local public entities or their employees sued in their official capacities under *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

Knapp contends that he does not rely on vicarious liability but instead has

3

sufficiently pled that the municipal entities have a policy or custom that caused the deprivation of his Fourth Amendment rights and that Mulch was personally involved in that deprivation.

## III. Analysis

As a preliminary matter, it would be helpful to identify and distinguish the defendants in this case. "A suit against a governmental officer in his official capacity is really a suit against the entity of which the officer is an agent." *Franklin v. Zaruba*, 150 F.3d 682, 684 n. 2 (7th Cir. 1998) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). Thus, Knapp's claims against Walker, Kemp and Mulch in their official capacities are the same as, and redundant of, his claims against the Jefferson County Sheriff's Department. *See Franklin*, 150 F.3d at 686 ("§ 1983 suits against sheriffs in their official capacities are in reality suits against the county sheriff's department"). The Court will therefore strike the official capacity claims pursuant to Federal Rule of Civil Procedure 12(f), which allows striking of any redundant matter.

The Court will now proceed to the merits of the motion to dismiss or strike as it addresses the claims against the remaining defendants: Jefferson County, the Jefferson County Sheriff's Department and Walker, Kemp and Mulch in their individual capacities.

### A. Mulch in his Individual Capacity

"Liability under § 1983 must be premised on personal involvement in the

deprivation of the constitutional right, not vicarious liability." *Payne v. Churchich*, 161 F.3d 1030, 1042 n. 15 (7th Cir. 1998); *see Davis v. Zirkelbach*, 149 F.3d 614, 619 (7th Cir. 1998). The defendants are correct that the doctrine of *respondeat superior* cannot be used to impose liability on a supervisor such as Mulch, in his personal capacity, for a subordinate's unconstitutional actions. *Lanigan v. Village of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997). However, a supervisor may be liable if he is somehow personally involved in the subordinate's conduct, either by commission or omission of an act. *Id.*; *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988). A supervisor is personally involved if he knows about the unconstitutional conduct and facilitates, approves, condones or deliberately turns a blind eye to a subordinate's constitutional violation. *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997); *Lanigan*, 110 F.3d at 477; *Jones*, 856 F.2d at 992.

In this case, it is possible that Knapp may be able to prove a set of facts consistent with those pled in his complaint showing that Mulch, in his individual capacity, directed, knew about and consented to, or ratified the searches and arrest at issue in this case. Thus, the Court cannot dismiss Knapp's claims against Mulch in his individual capacity.

    B.    <u>Jefferson County and Jefferson County Sheriff's Department</u>

Like supervisors, a local governmental entity such as a county or county department may not be held liable under §1983 on a *respondeat superior* theory. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, a municipality can be liable under § 1983 if (1) it had an express policy calling for

5

constitutional violations, (2) it had a widespread practice of constitutional violations that was so permanent and well settled as to constitute a custom or usage with the force of law or (3) a person with final policymaking authority for the county caused the constitutional violation. *Id.* at 694; *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). A municipality is liable only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," is the moving force behind the constitutional violation. *Monell*, 436 U.S. at 694.

Knapp has failed to allege any basis for finding Jefferson County liable for violating Knapp's constitutional rights. Knapp has only alleged policies or customs regarding the hiring, training and supervision of sheriff's deputies, functions over which county governments have no control. *See* 55 ILCS 5/3-6008; *Moy v. County of Cook*, 640 N.E.2d 926, 929 (Ill. 1994). As a matter of law, a sheriff in Illinois is not a policymaker for the county in which he works, so his decisions cannot be construed as decisions by the county that could subject the county to liability under *Monell*. *Franklin v. Zaruba*, 150 F.3d 682, 685 (7th Cir. 1998); *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995); *Moy*, 640 N.E.2d at 929. Thus, Knapp cannot prove a set of facts consistent with those in his complaint to show that Jefferson County could be liable for violation of his constitutional rights because of anything Walker, Kemp or Mulch did.

The Jefferson County Sheriff's Department, however, is a different story. First, because Mulch is a final policymaker for the Jefferson County Sheriff's

Department, *Ryan*, 45 F.3d at 1092, the Jefferson County Sheriff's Department can be liable under *Monell* for Mulch's personal involvement discussed in the prior section of this order. Knapp has also alleged a set of facts under which he could prove that the Jefferson County Sheriff's Department had a policy or custom of not adequately investigating officers before hiring them and not adequately training and supervising them once they were hired. Such failures can amount to a constitutional violation. *See City of Canton v. Harris*, 489 U.S. 378, 380 (1989) (holding that inadequate police training may serve as the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact). Thus, Knapp has stated a claim against the Jefferson County Sheriff's Department.

    C.    <u>Punitive Damages</u>

The defendants ask the Court to strike Knapp's claim for punitive damages against the Jefferson County Sheriff's Department, and Knapp does not object to this request in his response to the motion. Because the law is clear that local governmental entities are not subject to punitive damages in § 1983 suits, *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), the Court will strike those claims as immaterial under Rule 12(f).

    D.    <u>Pleading</u>

Finally, the defendants ask the Court to require Knapp to amend his complaint to make it comply with Federal Rule of Civil Procedure 10(b), which states:

> **Paragraphs; Separate Statements.** All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

The Court has reviewed Knapp's complaint and finds that it sufficiently complies with Rule 10(b).

## IV.   Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** the defendants' Motion to Dismiss or Strike (Doc. 3). The Court **GRANTS** the motion to the extent that it seeks to strike the claims against Walker, Kemp and Mulch in their official capacities, to dismiss the claims against Jefferson County and to strike the prayer for punitive damages against the Jefferson County Sheriff's Department. Accordingly, the Court **STRIKES** the claims against Walker, Kemp and Mulch in their official capacities and the prayer for punitive damages against the Jefferson County Sheriff's Department, **DISMISSES with prejudice** the claims against Jefferson County and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case. The Court **DENIES** the motion in all other respects.

IT IS SO ORDERED.
DATED:  June 13, 2006

                                        s/ J. Phil Gilbert
                                        **JUDGE**