IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TED A. KNAPP,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF JEFFERSON, ILLINOIS, MIKE WALKER, Individually and/or in his official capacity as a Jefferson County Sheriff's Deputy, JOHN KEMP, Individually and/or in his official capacity as a Jefferson County Sheriff's Deputy, ROGER MULCH, Individually and as Sheriff of Jefferson County and JEFFERSON COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendants. | No. 06-cv-4028-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the summary judgment motion filed by defendants Mike Walker, John Kemp, Roger Mulch and the Jefferson County Sheriff's Department (Doc. 20) and the memorandum in support (Doc. 21).  Plaintiff Ted A. Knapp has responded to the motion (Docs. 22 & 23).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable  inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.  Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion.  *Cooper v. Lane*, 969 F.2d 368, 371

(7th Cir. 1992).

In this case, the defendants have failed to meet their strict burden of proof that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. This is primarily because, while they nicely and thoroughly explain the legal principals at issue in this case, their brief contains no facts section and they fail to point to the relevant portions of the record to establish the facts of this case. Instead, the motion for summary judgments simply notes, "Attached as Exhibits in support of this Motion are Affidavits of Deputy John Kemp and Deputy Michael Walker and excerpts from plaintiff's October 27, 2006 deposition testimony." Defs.' Mot. Summ. J. ¶ 7. The exhibits are comprised of 114 pages. The memorandum in support of the motion cites twice to those exhibits, once to a statement attached as an exhibit to defendant Walker's affidavit, Mem. Supp. Defs.' Mot. Summ. J. at 7, and once to three pages of the plaintiff's deposition, *id.* at 8. Neither of these pieces of evidence establishes a set of facts entitling the defendants to summary judgment, and it is not the Court's function to "scour a record to locate evidence supporting a party's legal argument." *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005). Scouring the 114 pages of exhibits in this case to find facts to fit into the defendants' arguments is the defendants' job, not the Court's. Thus, because the defendants have not developed their arguments, they are waived for the purposes of this motion. *See Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000); *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000).

By this ruling, the Court does not mean to imply that the plaintiff's brief was adequate to withstand a properly supported motion for summary judgment. It includes only general citations to the defendants' exhibits without any citation to a specific evidence showing an issue of disputed material fact. However, because the defendants did not meet their initial burden of

showing that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law, the Court does not face the question of whether the defendant presented relevant evidence in opposition to the motion.

For this reason, the Court **DENIES** the defendants' motion for summary judgment (Doc. 20). Because it appears from the Court's cursory review of the file that there may be substantial disputes of fact regarding the events at issue in this case, the Court declines to allow supplemental summary judgment briefs and believes instead that this case should go to trial.

**IT IS SO ORDERED.**
**DATED: February 13, 2007**

s/ J. Phil Gilbert
**DISTRICT JUDGE**